IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Frank Jeffers, on his own behalf and on behalf of all those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:12-CV-08522 |
| Retail Properties of America, Inc., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## RPAI DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT

Defendants Retail Properties of America, Inc. ("RPAI") and Steven P. Grimes, Angela M. Aman, Shane C. Garrison, James W. Kleifges, Gerald M. Gorski, and Richard P. Imperiale, (the "Individual Defendants") (collectively, the "RPAI Defendants"), pursuant to Federal Rule of Civil Procedure 54(b), respectfully request that this Court make an express determination that there is no just reason for delay and direct entry of judgment in the above-captioned matter in favor of the RPAI Defendants and against Plaintiff Frank Jeffers. In support of this motion, the RPAI Defendants submit RPAI Defendants' Motion for Entry of Final Judgment, filed contemporaneously herewith, and state as follows:

1. Rule 54(b) provides that, in multi-party cases, a court may enter a final judgment if it determines that there is no just reason to delay entry of judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).

2.  As set forth in the RPAI Defendants' supporting brief, all elements of Rule 54(b) are satisfied as to the RPAI Defendants. Namely, the action involves multiple parties, including RPAI, each of the Individual Defendants, and Ameriprise. Second, all claims against the RPAI Defendants have been fully adjudicated. Specifically, the Court's Order in the case dismissed all counts against RPAI (Counts III and IV) with prejudice. (ECF No. 76 at 62-63.) In addition, this Court dismissed with prejudice two of the three counts (Counts I and III) against the Individual Defendants. *Id.* While the third count – Count VI under the Illinois Securities Law of 1953 – was dismissed as time-barred and as legally insufficient, the Court granted Plaintiff the opportunity to amend Count VI no later than July 10, 2014. Plaintiff, however, did not file an amended Count VI. Thus, all claims by Plaintiff against the RPAI Defendants have been fully and finally adjudicated. Finally, there is no just reason to delay entry of judgment as the counts against the RPAI Defendants are severable from the counts against Ameriprise and entry of judgment would conclude the litigation against the RPAI Defendants.

WHEREFORE, the RPAI Defendants, respectfully request that the Court expressly determine that there is no just reason for delay and direct entry of judgment in favor of the RPAI

Defendants and against Plaintiff Frank Jeffers.

Dated: August 1, 2014

Respectfully submitted,

**RETAIL PROPERTIES OF AMERICA, INC., STEVEN P. GRIMES, ANGELA M. AMAN, SHANE C. GARRISON, JAMES W. KLEIFGES, GERALD M. GORSKI, and RICHARD P. IMPERIALE**

By: /s/ Samuel B. Isaacson
    One of Their Attorneys

Samuel B. Isaacson
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
(312) 876-7698